JOHN CHADWICK v. ALVENA A. DUNHAM.[1]

May 31, 1901.

Nos. 12,654—(119).

**Appointment of Guardian—Review on Appeal.**

Where, in proceedings instituted upon the petition of the testamentary guardian for his appointment to that trust, the next of kin appeared and objected to such appointment, and also filed a petition setting forth that such testamentary guardian was not a suitable person to discharge the trust, a determination by the probate court in such a case that the guardian was competent and suitable is reviewable, and, upon appeal being taken, is entitled to be heard upon its merits in the district court.

**Removal of Guardian—Amendment of Petition.**

Where an effort is made in the probate court, upon petition of next of kin, to prevent the testamentary guardian from executing his trust, and the probate court decides that he is competent and suitable, upon appeal from such order the question of such guardian's right to act further may be considered, and the district court may permit an amendment of the petition of the next of kin, if necessary, to enable such question to be fully determined.

In the probate court for Hennepin county John Chadwick, testamentary guardian of William P. La Plant and Frederick La Plant, filed a petition for letters of guardianship. Alvena A. Dunham, the next of kin, filed objections and prayed that she be appointed guardian for the minors. The court found that Chadwick was a competent and suitable person and directed that letters of guardianship be issued to him. Alvena A. Dunham appealed to the district court for Hennepin county, where she was permitted to amend her petition, setting forth her objections more fully. Thereafter, on motion of Chadwick, an order, McGee and Pond, JJ., was made dismissing the appeal. From this order Alvena A. Dunham appealed to the supreme court. Reversed.

*J. Van Valkenburg,* for appellant.

*John J. McHale,* for respondent.

[1] Reported in 86 N. W. 351.

LOVELY, J.

William D. La Plant, of Minneapolis, by will bequeathed his property to his two minor sons, William and Frederick, aged, respectively, six and eight years. John Chadwick, in the same instrument, was nominated as guardian of such minors. La Plant died soon after. His will was, on September 24, 1900, admitted to probate in Hennepin county. On the same day Chadwick filed with the probate court a petition for his appointment as guardian of the children. On the following day Alvena A. Dunham, their paternal grandmother, also filed a petition, setting forth several substantial reasons why she should be allowed the care and custody of the minors in preference to the guardian named in the will; also that she was the nearest relative of both minors, their own mother being dead; among other things alleging that Chadwick was not a proper person to have the custody of the children, also that their highest welfare required that petitioner be awarded their custody, and praying that, in case a guardian of the property of the children should be appointed, she might be made the custodian of their persons, and given the charge of their maintenance and education. On October 30 the matter embraced in both petitions came on to be heard before the probate court, when Mrs. Dunham appeared, and objected to the appointment of Chadwick as guardian. The court proceeded to hear the issues thus presented, found that Chadwick was a competent and suitable person to act as guardian, and ordered that letters of guardianship of the person and estate of such minors be granted him upon his filing a proper bond in a designated sum. From this order the grandmother appealed to the district court. The appeal was placed on the special term calendar for December 29, 1900, when, under the order of one of the judges of the trial bench of Hennepin county, Mrs. Dunham amended her petition in certain respects, wherein additional material facts were set forth tending to show that Chadwick was not a suitable person to execute the guardianship trust. At the next general term of the Hennepin district court, the appeal being upon the calendar for trial, it was dismissed without a hearing upon the merits, from which order Mrs. Dunham appeals to this court.

We conclude from the record, as well as the briefs of counsel, that

the theory of the learned trial court was that the will of the testator had appointed a guardian, who was primarily endowed thereby with authority to act as soon as that instrument had been probated; in other words, that the appointment of the guardian came from the will, and not from the probate court, under the provisions of the statute authorizing the appointment of guardians by will. G. S. 1894, §§ 4535, 4539. Had no further proceedings taken place than upon the petition of the testamentary guardian for his appointment, this appeal would present the sole question whether a formal order by the probate court was necessary to effectuate the same; but upon the issues as actually presented and litigated in the probate court more was involved than the mere ratification by such court of the appointment of Chadwick as guardian under the will. In the probate code of this state provision is made for the removal of an insane or unsuitable guardian upon petition (G. S. 1894, § 4708), and in a subsequent section (§ 4709) it is provided that

"The probate court may, * * * on the petition of any person interested in the estate or ward, cite * * * guardian to show cause why he should not be removed."

And again, in section 4711 following, further provision is made for the appointment of a new guardian when the former one has been removed, which may be done without notice. Where issues are determined on trials in probate courts, which do not proceed upon formal pleadings, as in district courts, motions that involve a specific subject-matter, with all petitions affected in the hearing and disposition thereof, may be, and usually are, considered together, and no rule of practice forbids such a course, which seems to have been adopted in this instance.

The petition of Mrs. Dunham for the custody of the children contained a protest against the appointment of Chadwick for the reason that he was not a proper and suitable person to act in that capacity. She also objected to his appointment to the trust, which objection would ordinarily be sufficient to raise that issue, where no appointment had been made by will. The suitableness of the testamentary guardian for the trust was thus sufficiently challenged. Such issue was accepted. A hearing was actually

had thereon, with the consent of the parties, and was determined as fully as if the guardian had first been appointed and the grandmother had subsequently brought him into that tribunal, as she, as next of kin, might have done, to show cause why he should not be removed. If the will itself gave vitalizing force to the appointment of the guardian, under the course pursued in this case the question of his continuation in such trust was passed upon, and it must not be forgotten that before the case was dismissed the district court had permitted an amendment to the petition of the next of kin, which more formally and fully set forth the facts upon which a removal of the testamentary guardian might be ordered; and, if the right of removal of the guardian is, under such a course, presented, the dismissal of the cause by the district court prevented a hearing upon an issue involving the welfare of the minors,—a matter of great importance, and well deserving the highest consideration.

The substantial welfare of children under guardianship has always justly excited great solicitude by the courts, and we must not adopt any narrow or technical rules of practice to ignore the real merits of any practical question that comes up for hearing on appeal from a probate court affecting that subject, to defeat the wholesome purpose of the law. We do not think we are constrained by any rules of practice to do so in this case. Under our view, there was before the district court the question of the suitableness of Chadwick to act as the guardian of these children, as clearly presented as if a direct application for his removal had been made. He met that issue. It was acted upon and litigated in the probate court, who decided in favor of the guardian. Such issue thereby became a proper subject for review in the district court, and the grandmother of the children should not be prevented from having the same question which the probate court determined against her reviewed on her appeal.

The order dismissing the action is reversed, and the cause is remanded for further proceedings.